

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

AUG 15 AM 9:07

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 97-WY-556-WD

PAMELA A. RAY,

     Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

     Defendant.

---

## ORDER ON CALCULATION OF INTEREST, COSTS AND ATTORNEY'S FEES

---

Pursuant to the Court's Findings of Fact and Conclusions of Law on Remand, and upon consideration of the pleadings subsequently submitted by the parties on the issues of calculation of past due benefits, interest and attorneys' fees, the Court FINDS and ORDERS as follows:

1. In its Findings of Fact and Conclusions of Law on Remand entered May 5, 2005, this Court ordered that Plaintiff shall be awarded unpaid benefits plus interest, costs and reasonable attorney's fees.  The Court entered Judgment accordingly.  The Court further stated its belief that the parties could stipulate to the appropriate amount of unpaid benefits plus interest and ordered that Plaintiff's counsel submit an itemized bill and supporting affidavits setting forth the reasonable attorney's fees and costs incurred in bringing this action.

2. Plaintiff subsequently submitted a Calculation of Past Due Benefits and Interest and a Submission of Claim for Attorneys' Fees and Costs.  Defendant objects to Plaintiff's claim for costs to the extent Plaintiff seeks costs other than those costs allowed by 28 U.S.C. § 1920.

Defendant also objects to the Plaintiff's request for prejudgment interest at the rate of 8%, arguing that any award of prejudgment interest should be at the rate provided in 28 U.S.C. § 1961.

3. In support of its argument regarding the appropriate prejudgment interest rate, Defendant relies entirely on cases from other circuits. An award of prejudgment interest is proper in ERISA cases when the award serves to compensate the injured party and is otherwise equitable. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002). Accordingly, an excessive prejudgment interest rate would overcompensate an ERISA plaintiff and thereby inappropriately transform the award of prejudgment interest from a compensatory damage award to a punitive one. *Id.* The Tenth Circuit rejects the application of 28 U.S.C. § 1961 (which applies to post-judgment interest) to prejudgment interest, preferring to place the calculation of prejudgment interest firmly within the sound discretion of the trial court. *Caldwell v. Life Ins. Co. of North America*, 287 F.3d 1276, 1287 (10th Cir. 2002). The Tenth Circuit has specifically upheld the prejudgment interest rate of 8% in ERISA cases. *Id.* at 1288; *Allison*, 289 F.3d at 1244. All factors considered, however, the Court finds that a prejudgment interest rate of 5% adequately compensates Plaintiff for the lost use of money to which she was legally entitled.

4. An award of attorney's fees and costs under ERISA is wholly within the Court's discretion. 29 U.S.C. § 1132(g)(1). Courts should not, however, grant attorney's fees under ERISA as a matter of course. *McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1209 (10th Cir. 1992). Rather, the Court should consider the following "nonexclusive list of factors" when determining whether to grant attorney's fees and costs under § 1132(g)(1):

(1) the degree of the offending party's culpability or bad faith; (2) the degree of the ability of the offending party to satisfy an award of attorney fees; (3) whether or not an award of attorney fees against the offending party would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties' positions.

*Deboard v. Sunshine Mining and Refining Co.*, 208 F.3d 1228, 1244 (10th Cir. 2000).

"[T]he five . . . factors are merely guidelines, and while courts need not consider each factor, no single factor should be held dispositive." *McGee*, 953 F.2d at 1209 n.17.

5.   The parties have not addressed the merits of the award of reasonable attorney's fees before this Court. Nevertheless, the Court deems it appropriate to set forth the basis for its decision to award such fees. As indicated in the Court's Findings of Fact and Conclusions of Law on Remand, the record reflects that Defendant did not evaluate Plaintiff's claim for benefits in good faith. Rather, Defendant relied on its speculation that Plaintiff's claim was not legitimate, disregarding applicable policy provisions and ignoring relevant medical and occupational evidence. Therefore, an award of attorney's fees will, hopefully, deter such conduct by Defendant and others acting under similar circumstances. Further, the Court has found that Defendant's decision to deny benefits to Plaintiff was erroneous given the record before it. Finally, Defendant's ability to satisfy an award of attorney's fees is not disputed. Therefore, the Court finds that an award of attorney's fees to Plaintiff is warranted. "[A]n award of prejudgment interest on attorneys' fees is a matter addressed to the trial court's discretion, that discretion to be informed, in part, by the court's assessment of the equities of the situation before it." *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1260 (10th Cir. 2005). Despite the protracted proceedings in this case, the Court determines that the equities do not support such an award.

6. With respect to costs, 28 U.S.C. § 1920 sets forth those items which may be taxed as costs in this ERISA action. *See Allison*, 289 F.3d at 1248-49; *Agredano v. Mutual of Omaha Companies*, 75 F.3d 541, 544 (9th Cir. 1996). The total amount requested by Plaintiff for costs includes items that are non-taxable under this statute. Those items excluded from the award of costs to Plaintiff include online research, postage and mailing/faxing charges, telephone charges, mediator's fee, and other "miscellaneous supplies, parking, mileage, etc." For items that may be taxed as costs, an award of costs depends on whether or not the costs are for materials "necessarily obtained for use in the case." *Allison*, 289 F.3d at 1248. The Court has excluded costs for consultations with four doctors employed by Plaintiff in a non-testimonial advisory capacity. *See Holland v. Valhi Inc.*, 22 F3d 968, 979-80 (10th Cir. 1994) (expert witness fees are not specifically recoverable under ERISA's fee-shifting statute, so award of expert fees must be based on 28 U.S.C. §§ 1821 and 1920). The Court has further excluded additional expenses for printing and copying because Plaintiff has failed to demonstrate that such charges were reasonably necessary for trial. *See Allison*, 289 F.3d at 1249. The Court finds it appropriate to award Plaintiff costs for fees of the court reporter for transcripts, docket fees, and medical records of Plaintiff in the amount of $345.84. THEREFORE, it is hereby

**ORDERED** that Plaintiff, Pamela A. Ray, is entitled to recover from Defendant unpaid benefits plus prejudgment interest, costs and reasonable attorneys' fees as follows:

1. Unpaid benefits and prejudgment interest at the rate of 5%. Within **ten (10) days** from the date herein, Plaintiff shall recalculate this amount using the appropriate interest rate and certify the amount to the Court. An Amended Judgment will then be entered accordingly.

2. Attorneys' fees and costs in the amount of $108,474.84.

DATED this ___11___ day of August, 2005.

_____
United States District Judge